G. Michael Jackson, State Bar No. 139384
**JONES, DAVIS & JACKSON, P.C.**
25350 Magic Mountain Parkway, Suite 300
Valencia, CA 91355
Telephone: (661) 481-2220
Facsimile:  (661) 836-7711
Email: mjackson@jonesdavis.com

Attorneys for Agape Family Worship Center, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AGAPE FAMILY WORSHIP CENTER, INC., a New Jersey non-profit corporation,<br><br>　　　Plaintiff,<br><br>vs.<br><br>DONALD RICHARD GRIDIRON, JR., and WESTERN STATES GOLF ASSOCIATION, a California non-profit corporation,<br><br>　　　Defendants. | Case No.: 5:15-cv-01465<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF FIDUCIARY DUTY, FRAUD, NEGLIGENCE, CIVIL THEFT, MONEY HAD AND RECEIVED, UNJUST ENRICHMENT, AND RECEIPT OF STOLEN PROPERTY** |

　　　PLAINTIFF AGAPE FAMILY WORSHIP CENTER, INC., a New Jersey non-profit corporation, through its attorney of record, G. Michael Jackson of Jones, Davis & Jackson, P.C., files its First Amended Complaint for breach of fiduciary duty, fraud, negligence, civil theft, money had and received, unjust enrichment and receipt of stolen property against DEFENDANT DONALD RICHARD GRIDIRON, JR., and DEFENDANT WESTERN STATES GOLF ASSOCIATION, as follows:

**INTRODUCTION**

　　　1.　　This is an action to recover actual damages, punitive damages, statutory damages, attorneys' fees and costs against Defendants Donald Richard Gridiron, Jr. ("Gridiron") and Western States Golf Association ("WSGA").  The claims of Plaintiff Agape Family Worship Center, Inc. ("AFWC") arise as a result of the theft of almost $5 million by Gridiron from AFWC, the funneling of approximately $1.9 million of the stolen money through the WSGA, and the expenditure of the stolen money by Gridiron and

the WSGA.  The claims against Gridiron and WSGA arise from a common nucleus of interrelated facts.

## JURISDICTION AND VENUE

2. AFWC is a New Jersey non-profit corporation with its principal office in Rahway, New Jersey.  AFWC is a citizen of the State of New Jersey.

3. Gridiron is an individual residing in Pomona, Los Angeles County, California.  Gridiron is a citizen of the State of California.

4. WSGA is a California non-profit corporation with its principal office in Corona, Riverside County, California. WSGA is a citizen of the State of California.

5. This Court has jurisdiction over this proceeding pursuant to Title 28 United States Code Section 1332 because there is complete diversity of citizenship between AFWC, as Plaintiff, and Gridiron and WSGA, as Defendants, and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court pursuant to Title 28 United States Code Section 1391 because both Gridiron and WSGA, as Defendants, reside within the Central District of California.

## PRIOR LAWSUIT

7. Gridiron was a debtor in a Chapter 7 bankruptcy proceeding, pending in the United States Bankruptcy Court for the Central District of California, *In re: Donald Richard Gridiron, Jr.*, Case No. 2:14-bk-16278-NB.  AFWC originally commenced this action as an adversary proceeding in the bankruptcy court, Case No. 2:14-ap-01709-NB; *Agape Family Worship Center, Inc. v. Donald Richard Gridiron, Jr. and Western States Golf Association, Inc.*  Gridiron filed a Voluntary Waiver of Discharge in his bankruptcy proceeding.  The adversary proceeding filed by AFWC in the bankruptcy court was dismissed on July 20, 2015 as a result of the waiver of discharge by Gridiron in his bankruptcy case.

## PENDING CRIMINAL MATTER

8. Gridiron is a criminal defendant in Case No. 2:15-cr-00435-KM (formerly Case No. 14-6082-SCM); *United States of America v. Donald Gridiron, Jr.*, pending in the United States District Court for the District of New Jersey.  On September 1, 2015, Gridiron plead guilty to a two-count Information for committing wire fraud and filing a false and fraudulent tax return – criminal charges based upon the facts described below.  *See* Exhibit "A" attached hereto and incorporated by reference.

## SPECIFIC ALLEGATIONS

<u>FIRST AMENDED COMPLAINT</u>

2

9. AFWC is a large, non-denominational, Christian church with approximately 4,000 members.

10. Gridiron is a Certified Public Accountant, licensed by the State of California since 1990. Through family connections, Gridiron held himself out to be an expert in church-related accounting matters. Gridiron has provided or is currently providing accounting services to one of more large churches in the Los Angeles area.

11. Beginning in 1992, Gridiron began providing accounting services to AFWC. The accounting services provided by Gridiron included making bill payments, tracking member donations, reconciling AFWC's financial books, preparing non-profit IRS filings and documents, working with AFWC's book keeper, attending to payroll matters, preparing financial reports for AFWC's board and addressing AFWC's congregation concerning certain financial matters.

12. In connection with the discharge of his accounting duties to AFWC, Gridiron would travel approximately one time per month to AFWC's church campus in Rahway, New Jersey to work with AFWC's book keeper, review the books and records, and meet with AFWC's Pastor and others. AFWC provided Mr. Gridiron with an office, telephone and supplies while in New Jersey.

13. In 2007, AFWC's chief financial officer left and was not replaced. At this time, Gridiron took over most church financial matters for AFWC, and continued providing accounting services for AFWC.

14. AFWC initially paid Gridiron a salary $5,000 per month, plus reimbursement for his expenses for his services. In 2009, the amount of salary paid to Gridiron was increased to $5,500 per month, plus reimbursement for his expenses for his services.

15. AFWC's bank statements were mailed to the church offices in Rahway, New Jersey each month. Gridiron instructed AFWC's book keeper not to open the bank statements and hold them for him, so that he could reconcile the statements when he returned to California. Gridiron would take the bank statements with him to California and he did not return the bank statements to AFWC.

16. When he visited AFWC each month, Gridiron would also request and receive blank checks from AFWC, which according to Gridiron would be used by him during the upcoming month to pay bills incurred by AFWC.

17.     Unbeknownst to AFWC during the relevant time period, Gridiron was an active member and officer of the WSGA. The WSGA is an association of golf clubs in Arizona, California, Colorado, Nevada, New Mexico, Oregon, Utah and Washington that was formed in 1954. The WSGA provides college scholarships and sponsors an annual multi-day golf tournament for its members at a resort.

18.     The official address listed for the WSGA on its website during the relevant time period was P.O. Box 1634, Walnut, California 91788, a post office box controlled by Gridiron and utilized by Gridiron for personal and non-WSGA business. The WSGA website also listed Gridiron as its Treasurer during the relevant time period. Gridiron also served as the accountant for the WSGA and filed its required IRS non-profit filings during the relevant time period.

19.     The IRS Form 990 for the WSGA was prepared by Gridiron each year and identifies the Gridiron as the WSGA's "principal officer." The Form 990 prepared by Gridiron for the WSGA claimed $230,709 of total revenue in 2012, $168,374 of total revenue in 2011, $199,034 of total revenue in 2010, and $236,218 of total revenue in 2009. A recent supplemental tax filing by Gridiron for the WSGA provides "[t]he revenue comes from 2 main sources, membership dues and our annual golf tournament."

20.     Gridiron had exclusive access and control of the WSGA's bank accounts and bank statements and conducted all banking activities on behalf of the WSGA. Upon information and belief, no WSGA representative, other than Gridiron, ever reviewed the bank statements of the WSGA during the relevant time period. Upon further information and belief, no WSGA representative, other than Gridiron, ever reviewed the tax documents prepared by Gridiron for the WSGA during the relevant time period. Shortly after the prior lawsuit was filed in bankruptcy court, the WSGA removed Gridiron as its Treasurer. Prior to being removed as WSGA's Treasurer, Gridiron's actions with respect to the WSGA's bank accounts were typical of or broadly incidental to the actions of a Treasurer of a non-profit corporation.

21.     Gridiron began stealing money from AFWC beginning in 2007 and engaged in a continuous pattern of theft from AFWC until early 2014. In 2007, Gridiron began writing unauthorized checks to himself and third-parties drawn on AFWC's bank accounts, and sending unauthorized wire transfers to himself from AFWC's bank accounts.

22.     Gridiron confessed his theft to AFWC's Pastor in March 2014, but significantly

misrepresented the total amount stolen. Due to Gridiron's concealment of his actions, AFWC had no knowledge of the facts alleged herein until March 2014.

23. Following Gridiron's confession to AFWC's Pastor, AFWC retained legal counsel and other professionals to review its books and bank statements. AFWC's investigation revealed that Gridiron would use the blank checks he picked up on each visit to AFWC's campus to write unauthorized checks either directly to himself, the WSGA or Gridiron's personal American Express Account. The majority of the unauthorized checks appear within sequences. For instance, Check No. 24721 through Check No. 24738, drawn on AFWC's Account No. *3678, were all unauthorized checks written by Gridiron. The payees on these checks and the recipients of AFWC's money were Gridiron, Gridiron's personal American Express Account, or the WSGA.

24. From 2007 through March of 2014, AFWC identified approximately 800 unauthorized transactions made by Gridiron from AFWC's bank accounts. The transactions resulted in payments directly to Gridiron of more than $3,000,000, to the WSGA of more than $1,900,000, and to Gridiron's personal American Express Account of approximately $40,000. The WSGA utilized a portion of the funds received from AFWC to pay for its routine operating expenses when its cash flow from membership dues and its golf tournament was not sufficient to cover such expenses.

25. Just weeks after the confession of his theft, Gridiron filed for Chapter 7 bankruptcy protection. The Statement of Financial Affairs filed by Gridiron in his bankruptcy claims more than $4.8 million in "Gambling Winnings," almost the exact amount that AFWC identified as funds stolen from it by Gridiron.

## FIRST CAUSE OF ACTION: AGAINST GRIDIRON

**(Breach of Fiduciary Relationship and Duty)**

26. AFWC repeats and realleges the allegations contained in paragraphs 1 through 25, inclusive as if set forth herein in full.

///

27. As the accountant and employee of AFWC, Gridiron was entrusted with AFWC's money, bank records and financial records. Gridiron held AFWC's property in trust and there a fiduciary relationship between Gridiron and AFWC, and Gridiron owed AFWC a fiduciary duty. This fiduciary

duty includes duties to safeguard and protect AFWC's property and the duties of loyalty, obedience, and due care, which require among other things that Gridiron place the interests of AFWC ahead of his own personal interests, and the interests of the WSGA.

28. Gridiron has breached his fiduciary relationship with AFWC and fiduciary duty to AFWC by among other things stealing money from AWFC for his personal benefit, stealing money from AFWC for the benefit of the WSGA, and concealing his theft from AFWC.

29. AFWC prays for judgment against Gridiron for the damages caused by his breach of fiduciary relationship and breach of fiduciary duty, including the amount of money stolen according to proof at trial.

30. The acts and omissions of Gridiron were done with a conscious disregard for AFWC's rights and with a specific intent to defraud and injure AFWC, so as to constitute fraud, oppression and malice under California Civil Code Section 3294. By virtue of Gridiron's willful and wrongful conduct, AFWC is entitled to recover punitive damages and exemplary damages according to proof at trial.

### SECOND CAUSE OF ACTION: AGAINST GRIDIRON

### (Fraud)

31. AFWC repeats and realleges the allegations contained in paragraphs 1 through 25, inclusive as if set forth herein in full.

32. As the accountant and employee of AFWC, Gridiron made false representations of material facts to AFWC and failed to disclose other material facts to AFWC concerning money, bank records and financial records.

33. Gridiron knowingly made false representations of material facts to AFWC and knowingly failed to disclose other material facts to AFWC. Each and every material misrepresentation or omission of fact made by Gridiron was relied upon by AFWC to its substantial injury.

///

34. AFWC prays for judgment against Gridiron for the damages caused by his fraud, including the amount of money stolen according to proof at trial.

35. The acts and omissions of Gridiron were done with a conscious disregard for AFWC's rights and with a specific intent to defraud and injure AFWC, so as to constitute fraud, oppression and

malice under California Civil Code Section 3294. By virtue of Gridiron's willful and wrongful conduct, AFWC is entitled to recover punitive damages and exemplary damages according to proof at trial.

### THIRD CAUSE OF ACTION: AGAINST WSGA

#### (Negligence)

36. AFWC repeats and realleges the allegations contained in paragraphs 1 through 25, inclusive as if set forth herein in full.

37. WSGA had a duty to use ordinary care to supervise, prohibit, control and regulate the conduct of its officer and Treasurer, Gridiron. WSGA knew or should have known that its failure to supervise, prohibit, control and regulate the conduct of its officer and Treasurer created a risk to others.

38. Gridiron, acting as an officer and Treasurer of the WSGA, caused substantial injury to AWFC. WSGA's negligence in supervising, prohibiting, controlling and regulating the conduct of Gridiron was a substantial factor in causing injury to AFWC.

39. AFWC prays for judgment against WSGA for the damages caused by its negligence, including the amount of money stolen according to proof at trial.

### FOURTH CAUSE OF ACTION: AGAINST GRIDIRON AND WSGA

#### (Civil Theft / Conversion)

40. AFWC repeats and realleges the allegations contained in paragraphs 1 through 25, inclusive as if set forth herein in full.

41. Through Gridiron's continuous pattern of activity from 2007 until 2014, individually and on behalf of the WSGA, Gridiron and the WSGA unlawfully and without authority assumed dominion and control over a portion over AFWC's property, bank accounts and money, and utilized AFWC's property for their own purposes.

///

42. AFWC prays for judgment against Gridiron and the WSGA for an amount sufficient to indemnify AFWC from the natural, reasonable and proximate results of Gridiron and the WSGA's actions, for fair compensation for time and money properly spent in the pursuit of the converted property, and the value of the property converted by Gridiron and WSGA according to proof at trial.

43. The acts and omissions of Gridiron and the WSGA were done with a conscious disregard

for AFWC's rights and with a specific intent to defraud and injure AFWC, so as to constitute fraud, oppression and malice under California Civil Code Section 3294. By virtue of Gridiron and the WSGA's willful and wrongful conduct, AFWC is entitled to recover punitive damages and exemplary damages according to proof at trial.

### FIFTH CAUSE OF ACTION:  AGAINST GRIDIRON AND WSGA
### (Money Had and Received)

44. AFWC repeats and realleges the allegations contained in paragraphs 1 through 25, inclusive as if set forth herein in full.

45. Gridiron and the WSGA fraudulently and wrongfully obtained monies from AFWC that, in good conscience and equity, belong to AFWC and utilized AFWC's money for their own purposes. Good conscience and equity dictate that Gridiron and the WSGA should not be allowed to retain the fraudulently and wrongfully obtained monies from AFWC.

46. AFWC prays for judgment against Gridiron and WSGA for the damages in the amount of money received by them according to proof at trial.

47. The acts and omissions of Gridiron and the WSGA were done with a conscious disregard for AFWC's rights and with a specific intent to defraud and injure AFWC, so as to constitute fraud, oppression and malice under California Civil Code Section 3294. By virtue of Gridiron and the WSGA's willful and wrongful conduct, AFWC is entitled to recover punitive damages and exemplary damages according to proof at trial.

### SIXTH CAUSE OF ACTION:  AGAINST GRIDIRON AND WSGA
### (Unjust Enrichment)

48. AFWC repeats and realleges the allegations contained in paragraphs 1 through 25, inclusive as if set forth herein in full.

49. Gridiron and the WSGA obtained monies from and utilized AFWC's money for their own purposes. The failure to allow AFWC to recover the value of the money taken by Gridiron and the WSGA from AFWC and utilized for their own purposes would result in Gridiron and the WSGA being unjustly enriched.

50. AFWC prays for judgment against Gridiron and WSGA for the damages in the amount of money received by them according to proof at trial.

51. The acts and omissions of Gridiron and the WSGA were done with a conscious disregard for AFWC's rights and with a specific intent to defraud and injure AFWC, so as to constitute fraud, oppression and malice under California Civil Code Section 3294. By virtue of Gridiron and the WSGA's willful and wrongful conduct, AFWC is entitled to recover punitive damages and exemplary damages according to proof at trial.

### SEVENTH CAUSE OF ACTION: AGAINST GRIDIRON AND WSGA
### (Receipt of Stolen Property [Cal. Penal Code Section 496(c)])

52. AFWC repeats and realleges the allegations contained in paragraphs 1 through 25, inclusive as if set forth herein in full.

53. Gridiron obtained monies from AFWC and provided some of the money he stole to the WSGA. Because Gridiron was also the principal officer and Treasurer of the WSGA, the WSGA was aware that the monies it received from AFWC were stolen property.

54. Any person who knowingly receives property obtained by theft violates California Penal Code Section 496(a). A party injured due to a violation of Section 496(a) may bring an action for three times the amount of actual damages, costs of suit and attorneys' fees against the person in violation of Section 496(a). CAL. PEN. CODE § 496(c).

55. AFWC prays for judgment against Gridiron and WSGA for three times the amount of money received by them according to proof at trial, costs of suit and attorneys' fees.

### STATUTE OF LIMITATIONS

56. AFWC repeats and realleges the allegations contained in paragraphs 1 through 25, inclusive as if set forth herein in full.

///

57. AFWC affirmatively pleads fraudulent concealment, estoppel, the discovery rule, and tolling with respect to any defense raised by the Defendants involving the statute of limitations.

WHEREFORE, Plaintiff Agape Family Worship Center, Inc. prays that this Court enter a judgment as follows:

(1) On its First Cause of Action, award actual damages according to proof at trial and punitive damages according to proof at trial against Gridiron;

(2) On its Second Cause of Action, award actual damages according to proof at trial and punitive damages according to proof at trial against Gridiron;

(3) On its Third Cause of Action, award actual damages according to proof at trial against WSGA;

(4) On its Fourth Cause of Action, award actual damages according to proof at trial and punitive damages according to proof at trial against Gridiron and WSGA;

(5) On its Fifth Cause of Action, award actual damages according to proof at trial and punitive damages according to proof at trial against Gridiron and WSGA;

(6) On its Sixth Cause of Action, award actual damages according to proof at trial and punitive damages according to proof at trial against Gridiron and WSGA;

(7) On its Seventh Cause of Action, award three times the actual damages according to proof at trial, costs of suit and attorneys' fees, costs of suit and attorneys' fees against Gridiron and WSGA; and

(8) On all causes of action, to the extent not otherwise requested, award costs of suit, interest at the legal rate, and such other and further relief as the Court may deem just and proper.

Dated:     September 11, 2015     JONES, DAVIS & JACKSON, PC

By:     /s/ G. Michael Jackson
G. Michael Jackson
Attorneys for Agape Family Worship Center, Inc.

E:\GV\N\Agape\Federal_Lawsuit\complaint.docx