UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Kevin McNulty |
| v. | : | Crim. No. 15-435 |
| DONALD GRIDIRON, JR | : | 18 U.S.C. § 1343<br>26 U.S.C. § 7206(1) |

**INFORMATION**

**COUNT ONE**
(Wire Fraud)

The defendant having waived in open court prosecution by indictment, and any objections based upon venue, the United States Attorney for the District of New Jersey charges:

BACKGROUND

1. At all times relevant to this Information:

a. Defendant DONALD GRIDIRON, JR. ("GRIDIRON"), was a resident of California and a Certified Public Accountant, who provided accounting services to, among others, a worship center based in or around Rahway, New Jersey (the "Worship Center").

b. The Worship Center maintained bank accounts in New Jersey (the "Bank Accounts"). Defendant Gridiron, as the Worship Center's accountant, had access to blank checks drawn on the Bank Accounts, which checks he was authorized to issue only to pay the Worship Center's legitimate bills and expenses.

Exhibit "A"

c. "The Foundation" was a non-profit entity registered in California, which maintained a bank account in California. As of in or about 2014, defendant GRIDIRON was the Foundation's treasurer and had signatory control over the Foundation's bank account.

THE SCHEME TO DEFRAUD

2. From at least as early as in or about May 2007 through in or about March 2014, in the District of New Jersey and elsewhere, the defendant,

DONALD GRIDIRON, JR.,

did knowingly devise and intend to devise a scheme and artifice to defraud the Worship Center and the Foundation, and to obtain money and property from the Worship Center and the Foundation by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, namely, wire transfers from the Worship Center's bank accounts in New Jersey to, among other locations, his personal bank accounts in California, as more fully set forth below.

OBJECT OF THE SCHEME

3. The object of the scheme and artifice to defraud was for defendant GRIDIRON to enrich himself by embezzling money from the Worship Center and the Foundation.

MANNER AND MEANS OF THE SCHEME

4. It was part of the scheme and artifice to defraud that defendant GRIDIRON issued unauthorized checks drawn on the Worship Center's Bank Accounts and made payable to accounts that defendant GRIDIRON controlled in California, among other places, which caused wire transfers to be sent from New Jersey to locations outside of New Jersey.

5. It was further part of the scheme and artifice to defraud that defendant GRIDIRON caused additional unauthorized wire transfers to be sent from the Worship Center and Foundation's bank accounts to accounts that defendant GRIDIRON controlled.

6. It was further part of the scheme and artifice to defraud that using the manner and means described above, defendant GRIDIRON defrauded the Worship Center and the Foundation of more than $4,000,000.

7. On or about January 7, 2014, for the purpose of executing the aforesaid scheme and artifice to defraud, in the District of New Jersey, and elsewhere, the defendant,

DONALD GRIDIRON, JR.,

knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, namely, a wire transfer in the amount of approximately $17,500 from one of the Bank Accounts in New Jersey to an account defendant GRIDIRON controlled in California.

In violation of Title 18, United States Code, Section 1343.

**COUNT TWO**

(False and Fraudulent Tax Return)

1. The allegations set forth in Count One of this Information are realleged and as if fully set forth herein.

2. During the tax year 2011, defendant GRIDIRON, through the scheme and artifice to defraud described in Count One of this Information, stole approximately $950,000 from the Worship Center and the Foundation, which money he used for his own benefit and which constituted income to defendant GRIDIRON.

3. On or about October 15, 2012, defendant GRIDIRON signed, filed, and caused to be filed with the Internal Revenue Service, an Individual Income Tax Return, Form 1040 for the 2011 tax year (the "2011 Return"). The 2011 Return was not true and correct as to every material matter, in that it failed to report the approximately $950,000 that defendant GRIDIRON fraudulently obtained during tax year 2011 through the scheme and artifice to defraud described in Count One, upon which an additional tax of approximately $310,000 was due and owing, which defendant GRIDIRON failed to pay.

4. The 2011 Tax Return was signed by defendant GRIDIRON and contained a written declaration that it was signed under penalties of perjury.

5. On or about October 15, 2012, in the Central District of California, the defendant,

DONALD GRIDIRON, JR.,

did knowingly and willfully make and subscribe a 2011 U.S. Individual Income Tax Return, Form 1040, as described in paragraphs 3 and 4 of Count Two of this Information, which he did not believe to be true and correct as to every material matter, as described in paragraph 3 of Count Two of this Information.

In violation of Title 26, United States Code, Section 7206(1).

**FORFEITURE ALLEGATION**

1. The allegations contained in Count One of this Information are realleged and incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

2. Upon conviction of the offense charged in Count One of this Information, defendant GRIDIRON shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, and all property traceable to such property.

3. If by any act or omission of defendant GRIDIRON any of the property subject to forfeiture herein:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

PAUL J. FISHMAN
United States Attorney

**CASE NUMBER:** ___________

**United States District Court**
**District of New Jersey**

**UNITED STATES OF AMERICA**

**v.**

**DONALD GRIDIRON, JR.**

**INFORMATION FOR**

18 U.S.C. § 1343 and
26 U.S.C. § 7206(1)

**PAUL J. FISHMAN**
*UNITED STATES ATTORNEY, NEWARK, NEW JERSEY*

ANDREW KOGAN
*ASSISTANT U.S. ATTORNEY*
*NEWARK, NEW JERSEY*
*973.645.2754*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

Donald Gridiron, Jr.
(Defendant's Name)

~~Mag.~~/Crim. No. 15-435

APPLICATION FOR PERMISSION TO ENTER PLEA OF GUILTY

(Defendant with Counsel)

Donald Gridiron, Jr., hereby certifies as follows:
(Defendant's Name)

1. My full name is Donald Richard Gridiron, Jr. and I request that all proceedings against me be held in that name.

2. I understand that the Constitution and laws of the United States guarantee me the right to be represented by a lawyer at every stage in these proceedings, including any trial on these charges, and that if I cannot afford to hire a lawyer, the Court will provide one for me.

3. I have a lawyer who is representing me in this proceeding. My lawyer's name is Candace Hom. I am satisfied that I have had enough time to discuss this matter with my lawyer.

4. English [IS] [IS NOT] my native language. My ~~formal~~ education stopped after [grade] College B.S. Business Administration. I am presently [UNEMPLOYED] [EMPLOYED] as an accountant. (occupation).

5. I have taken [NO] [THE FOLLOWING] drugs or medication within the past seventy-two hours: Advil PM.

6. I [HAVE] [HAVE NEVER] been a patient in a mental hospital or institution. I [DO] [DO NOT] believe that at the present time I am mentally ill or mentally incompetent in any respect.

7. I received a copy of the [COMPLAINT] [INDICTMENT] [INFORMATION] before being called upon to plead. I have read and discussed it with my lawyer. I understand that the substance of the charge(s) against me is that I: committed wire fraud from May 2007 to March 2014, and tax fraud on or about Oct. 15, 2012.

[add separate sheets if necessary]

WAIVER OF INDICTMENT (IF APPLICABLE)

8. My lawyer has explained to me that I have a constitutional right to be charged by an indictment of a grand jury but that I can waive that right and consent to being charged through a criminal Information filed by the United States Attorney.

9. I understand that unless I waive indictment I may not be charged with a felony unless a grand jury finds by return of an indictment that there is probable cause to believe that a crime has been committed and that I committed it.

10. I also understand that if I do not waive indictment, the government may present the case to the grand jury and request the grand jury to indict me.

11. I understand that a grand jury is composed of at least 16 and not more than 23 persons, that at least 12 grand jurors must find that there is probable cause to believe that I committed the crime. I also understand that the grand jury may or may not indict me.

12. I further understand that by waiving indictment by the grand jury, the case will proceed against me on the United States Attorney's Information as though I had been indicted.

13. My attorney has discussed the nature of the charge(s) against me and waiving my right to indictment thereon by grand jury, I fully understand those rights, and I wish to waive indictment by grand jury.

14. My decision to waive indictment by grand jury is made knowingly and voluntarily, and no threats or promises have been made to induce me to waive indictment.

THE GUILTY PLEA

15. I have told my lawyer all the facts and circumstances known to me about the charge(s) set forth in the [COMPLAINT] [INDICTMENT] [INFORMATION].

16. I am satisfied that my lawyer understands the information which I have provided, and that my lawyer has counseled and advised me on the nature of each charge and on all possible defenses that I might have in this case.

17. In addition, my lawyer has explained to me, and I understand, that if I enter a plea of NOT GUILTY (or persisted in my plea of NOT GUILTY), under the Constitution and laws of the United States I would be entitled to a speedy and public trial by a jury of twelve persons on the charge(s) contained in this [COMPLAINT] [INDICTMENT] [INFORMATION].

18. My lawyer has explained to me, and I understand, that at such a trial the jury would be told by the judge that I am presumed to be innocent, and that the Government would be required to prove me guilty of the charge(s) against me beyond a reasonable doubt. I understand that I would not have to prove that I am innocent, and that I could not be convicted unless all twelve jurors voted unanimously for conviction.

19. My lawyer has explained to me, and I understand, that if I went to trial on these charge(s), the Government would have to produce in open court the witnesses against me, and that my lawyer could confront and cross-examine them and object to evidence offered by the Government.

20. My lawyer has further explained to me, and I understand, that I have the right to produce witnesses and could offer evidence in my defense at a trial on these charge(s), and that I would have the right, if I so chose, to testify on my own behalf at that trial; but if I chose not to testify, the jury could draw no suggestion or inference of guilt from that fact.

21. My lawyer has explained to me, and I understand, that if I plead GUILTY to any charge(s) in this [COMPLAINT] [INDICTMENT] [INFORMATION] and the judge accepts my plea, I WAIVE MY RIGHT TO TRIAL AND THE OTHER RIGHTS SET FORTH IN PARAGRAPHS 17, 18, 19 and 20 ABOVE. I am aware and understand that <u>if my GUILTY plea is accepted, there will be no trial</u> and a judgment of GUILTY will be entered after which, the judge, upon consideration of my presentence report, will impose punishment upon me. I understand that if I plead GUILTY, the judge may impose the same punishment as if I had pleaded "not guilty", went to trial and was convicted by a jury.

22. My lawyer has also explained to me, and I understand, that if I plead GUILTY, I WAIVE MY RIGHT NOT TO INCRIMINATE MYSELF. I understand that the judge will ask me what I did and I will have to acknowledge my guilt as charged by setting forth my actions so that the judge is satisfied that I am, indeed, guilty. I understand that any statements I make at the time I plead GUILTY, if untrue and made under oath, can be the basis of a perjury prosecution against me.

## SENTENCING ISSUES

23. My lawyer has informed me, and I understand, that the maximum punishment which the law provides for the offense(s) charged in this [COMPLAINT] [INDICTMENT] [INFORMATION] is:

A MAXIMUM OF 20, 3 years imprisonment and a fine of $ 250K, 100K for the offense(s) charged in Count(s) 1 & 2. My lawyer has further explained, and I understand, that there is [NO] [A] mandatory minimum punishment of — years imprisonment and [NO] [A] mandatory minium fine of $ — for the offense(s) charged in Count(s) 1 & 2.

I understand that if I plead GUILTY to Count(s) 1 & 2 of the [COMPLAINT] [INDICTMENT] [INFORMATION], I face a maximum sentence on those Count(s) of 23 years imprisonment, plus an aggregate fine of $ 350K. My lawyer has additionally explained, and I understand, that in addition to or in lieu of the penalties already discussed, I may be ordered to make restitution to any victim of the offense and that the Court may require me to make a restitution in services instead of money or to make restitution to a designated third person or organization instead of the victim. I understand that in determining whether to order restitution and the amount of restitution the Court will consider the amount of the loss sustained by any victim as a result of the offense, my financial resources, the financial needs and earning ability of my dependents, and any other factors as the Court deems appropriate.

I understand that I will be assessed $100 for each felony upon which I am sentenced and $25 for each misdemeanor, if any.

24. I hereby declare that no officer or agent of any branch of government, (Federal, State or Local), nor my lawyer, nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, or probation, or any other form of leniency if I plead GUILTY. My lawyer has explained, and I understand, that only the judge may decide what punishment I shall receive, and that if any person has told me otherwise, that person is not telling me the truth.

25. I understand that the sentence to be imposed upon me is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act of 1984.

26. I understand that in deciding what sentence to impose upon me, the sentencing judge is required to consider the maximum and minimum prison terms, fines and terms of supervised release recommended under the Sentencing Guidelines. I understand that the Sentencing Guidelines may authorize departures from the maximum and minimum Guidelines recommendations under certain circumstances.

27. I understand that the Sentencing Guidelines are advisory, and that the sentencing judge must also consider the other statutory factors identified in 18 U.S.C. § 3553(a) in deciding what sentence to impose. I understand that the judge has the authority to impose a sentence more severe (up to the statutory maximum) or less severe than the sentencing range recommended by the Guidelines.

28. I have discussed with my attorney how the Sentencing Guidelines might apply to my case.

29. I understand that the Court will not be able to determine the sentence for my case until after the Presentence Report has been completed and both I and the Government have had an opportunity to read the report and challenge any facts reported by the probation officer.

30. I understand that the Court may be bound to impose a fine in accordance with statutory requirements.

31. I understand that parole has been abolished and if I am sentenced to prison I will not be released on parole.

32. I further understand that the Court [SHALL] [MAY] impose a term of supervised release to follow any term of imprisonment and that any violation of that term of supervised release may result in an additional term of imprisonment. I understand that I am subject to a term of supervised release of up to 3, 1 years, the statutory maximum period of supervised release for the crime(s) to which I am pleading guilty.

I further understand that the provisions of 21 U.S.C. § — , which provide for a mandatory minimum term of supervised release of ____ years, [DO] [DO NOT] apply to my case.

33. I understand that I will have no right to withdraw my plea on the grounds that anyone's prediction as to the Guidelines range or expectation of sentence proves inaccurate.

34. My lawyer has explained to me, and I understand, that if I am not a citizen of the United States, my plea of GUILTY to the charged offense(s) [MAY] [WILL LIKELY] result in my being subject to separate immigration law proceedings to have me removed from the United States by making me deportable, excludable, or inadmissible, or ending my naturalization. N/A

35. My lawyer has explained to me, and I understand, that if the charged offense(s) is a sex offense under 42 U.S.C. § 16911(5), my plea of GUILTY [MAY] [WILL LIKELY] result in a requirement that I register as a sex offender under Federal and State law, and I will be subject to the registration law's requirements and penalties. N/A

PLEA AGREEMENT

36. I hereby declare that I have not been forced, coerced or threatened in any manner by any person to plead GUILTY to these charge(s). Nor have I been told that if I refuse to plead GUILTY, other persons will be prosecuted.

37. There [HAS] [HAS NOT] been a plea agreement entered into between me and the United States Attorney, by Assistant United States Attorney Andrew Kogan (name).

[ ] The plea agreement DOES NOT exist in written form.
[✓] The plea agreement DOES exist in written form. I have read it or have had it read to me in English (LANGUAGE). My lawyer has explained it to me and I understand it.

38. The substance of the plea agreement is: no further charges will be brought against me for the wire fraud occurring as early as or about May 2007 to on or about March 2014, or for the tax fraud on or about Oct. 15, 2012.

39. The plea agreement [DOES][DOES NOT] contain stipulations agreed to by the parties.

IF APPLICABLE, CHOOSE ONE OF THE FOLLOWING:

[ ] I understand that my plea agreement sets forth a Guidelines calculation which I agree is the total Guidelines offense level applicable to me in this case. I further understand that I have waived the right to argue that the sentencing judge should impose a sentence below the range that results from this offense level, and that the government has waived the right to argue for a sentence above the range that results from this offense level.

[ ] I understand that my plea agreement sets forth a Guidelines calculation which I agree is the total Guidelines offense level applicable to me in this case. I further understand that with the exception of arguments regarding a departure as set forth in Paragraph ____ of Schedule A to the plea agreement, I have waived the right to argue that the sentencing judge should impose a sentence below the range that results from this offense level, and the government has waived the right to argue for a sentence above the range that results from this offense level.

[✓] The plea agreement contains stipulations regarding certain facts. I understand that if the sentencing court accepts a factual stipulation set forth in the plea agreement, both I and the government have waived the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing do.

40. I understand that my plea agreement [PROVIDES][DOES NOT PROVIDE] that under certain circumstances I have waived my right to appeal or collaterally attack the sentence imposed in this case.

41. My lawyer has explained to me, and I understand, that if the judge accepts ~~from~~ my GUILTY plea under the plea agreement, including the government's proposal to dismiss charges or to not bring other charges, the judge is not bound to follow the other terms of the plea agreement, including the stipulations recommending that a particular sentence or sentencing range is appropriate or that a particular provision of the Guidelines does or does not apply. I understand that if the judge does not follow one or all of the other terms of the plea agreement, including the stipulations, I will have no right to withdraw my GUILTY plea, even if the disposition of my case may be less favorable than that proposed in the plea agreement.

42. I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP MY LAWYER HAS GIVEN ME.

43. I know the judge will not permit anyone to plead GUILTY who claims to be innocent, and with that in mind and because I am GUILTY, I respectfully request that the Court accept my plea of GUILTY and to have the Clerk enter my plea of GUILTY as follows:

To Count(s) 1 & 2 of this [COMPLAINT] [INDICTMENT] [INFORMATION].

44. I offer my plea of GUILTY freely and voluntarily and of my own accord with full understanding of all matters set forth in the [COMPLAINT] [INDICTMENT] [INFORMATION], in this application, and in the certification of my lawyer which is attached to this application.

45. I further declare that I wish to waive the reading of the [COMPLAINT] [INDICTMENT] [INFORMATION] in open court, and I request the Court to enter my plea of GUILTY as set forth in Paragraph 43, above.

46. The following person(s), if any, assisted me in completing this application: Candace Ham
_______________________________________________.

I hereby certify that the foregoing information and statements herein are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Signed by me in open court in the presence of my lawyer this 1st day of Sept, 2015.

_______________________
Defendant

CERTIFICATION OF COUNSEL

Candace Ham hereby certifies that:

1. I am an attorney at law of the State of CA, NJ + NY and have been [RETAINED BY] [ASSIGNED TO REPRESENT] the defendant Donald Gridiron, in [MAGISTRATE] [CRIMINAL] No. ____________.

2. I have read and fully explained to the defendant the allegations contained in the [COMPLAINT] [INDICTMENT] [INFORMATION].

3. To the best of my knowledge and belief the statements, representations, and declarations made by the defendant in the foregoing Application are in all respects accurate and true.

4. (IF APPLICABLE) In my opinion the defendant's waiver of indictment by grand jury is voluntarily and knowingly made, and I recommend to the Court that the waiver be accepted by the Court.

5. In my opinion the defendant's waiver of reading the [COMPLAINT] [INDICTMENT] [INFORMATION] in open Court as provided in Rule 10 is voluntarily and knowingly made, and I recommend to the Court that the waiver be accepted by the Court.

6. I have explained the maximum and any mandatory minimum penalty for each count to the defendant. I have explained to him that he may be ordered to make restitution under the Victim and Witness Protection Act.

7. I have explained to the defendant that in imposing sentence, the sentencing judge is required to consider the Sentencing Guidelines, and I have further explained how the Guidelines might apply to this offense and to the defendant. I have further explained to the defendant that the Guidelines are advisory, not mandatory, and that the sentencing judge may impose a sentence higher or lower than that recommended by the Guidelines.

8. The plea of GUILTY offered by the defendant in Paragraph 43 accords with my understanding of the facts related to me and is consistent with my advice to the defendant.

9. In my opinion the plea of GUILTY as offered by the defendant in Paragraph 43 of this Application is voluntarily made with understanding of the consequences of the plea. I recommend that the Court accept the plea of GUILTY.

Signed by me in open Court in the presence of the defendant above named, and after full disclosure of the contents of this Certification to the defendant, this 1 day of Sept 201__.

______________________________
Attorney for the Defendant



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*(973) 645-2700*

AK/PL AOR

March 30, 2015

Candace Hom, Esq.
972 Broad Street
Newark, New Jersey 07102

Re: Plea Agreement with Donald Gridiron, Jr.
Cr. No. 15-435

Dear Ms. Hom:

This letter sets forth the plea agreement between your client, Donald Gridiron, Jr., and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on April 2, 2015 if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Donald Gridiron, Jr. to a two-count Information that charges him with: (a) committing wire fraud from in or about May 2007 to in or about March 2014 and thereby victimizing the Agape Family Worship Center ("Worship Center") and Western States Golf Association ("Golf Association"), as more fully stated in the Information, in violation of Title 18, United States Code, Section 1343; and (b) filing a false tax return for the tax year 2011, in violation of Title 26, United States Code, Section 7206(1). If Donald Gridiron, Jr. enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Donald Gridiron, Jr. for: (a) engaging in an scheme from in or about May 2007 to in or about March 2014 to defraud the Worship Center and Golf Association, as more fully stated in the Information; and (b) knowingly and willfully filing false tax returns for the tax years 2009 through 2012, although he agrees that this conduct should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Donald Gridiron, Jr.

agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Donald Gridiron, Jr. may be commenced against him, notwithstanding the expiration of the limitations period after Donald Gridiron, Jr. signs the agreement.

This agreement is subject to the approval of the United States Department of Justice Tax Division. If this agreement is not approved by the United States Department of Justice Tax Division, the agreement will be null and void.

Sentencing

The violation of 18 U.S.C. § 1343 to which Donald Gridiron, Jr., agrees to plead guilty carries a statutory maximum prison sentence of twenty years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 26 U.S.C. § 7206(1) to which Donald Gridiron, Jr. agrees to plead guilty carries a statutory maximum sentence of three years and a statutory maximum fine of $100,000.

The sentence on each count may run consecutively. A fine imposed by the Court may be subject to the payment of interest.

The sentence to be imposed upon Donald Gridiron, Jr. is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Donald Gridiron, Jr. ultimately will receive.

Further, in addition to imposing any other penalty on Donald Gridiron, Jr., the sentencing judge: (1) will order Donald Gridiron, Jr., to pay a total assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid on or before the date of sentencing; (2) will order Donald Gridiron, Jr., to pay restitution; (3) may order Donald Gridiron, Jr., pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4)

may order Donald Gridiron, Jr., to pay the costs of prosecution; and (5) pursuant to 18 U.S.C. § 3583, may require Donald Gridiron, Jr., to serve a term of supervised release of not more than three years on the wire fraud charge and not more than one year on the tax charge, which terms shall run concurrently, and which will begin at the expiration of any term of imprisonment imposed. Should Donald Gridiron, Jr., be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Donald Gridiron, Jr., may be sentenced to not more than two years' imprisonment on the wire fraud charge and not more than one year on the tax charge, which terms may run consecutively, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Donald Gridiron, Jr. agrees to make full restitution for all losses resulting from the wire fraud offense in the amount to be determined by the Court.

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Donald Gridiron, Jr., agrees to pay restitution in the amount to be determined by the Court to the Internal Revenue Service ("IRS"). The restitution amount shall be paid according to a plan established by the Court. The Court will order Donald Gridiron, Jr., to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release. The IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Donald Gridiron, Jr., does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment nor Donald Gridiron, Jr.'s timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Donald Gridiron, Jr. by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Donald Gridiron, Jr.'s activities and relevant conduct with respect to this case.

Stipulations

This Office and Donald Gridiron, Jr. agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Donald Gridiron, Jr. from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Donald Gridiron, Jr. waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Donald Gridiron, Jr. agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, he will consent to the entry of a forfeiture money judgment as described below.

Donald Gridiron, Jr. will consent to the entry of a forfeiture money judgment in the amount to be determined by the Court, which shall equal the loss amount from the wire fraud, in United States currency (the "Forfeiture Money Judgment"). If the Forfeiture Money Judgment is not paid on or before the date Donald Gridiron, Jr. enters his plea of guilty pursuant to this agreement, interest shall accrue from that date on any unpaid portion thereof

at the rate and in accordance with the procedures set forth in 28 U.S.C. § 1961(a) and (b). Furthermore, if Donald Gridiron, Jr. fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Donald Gridiron, Jr. consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Donald Gridiron, Jr. represents that he has disclosed all of his assets to the United States. Donald Gridiron, Jr. agrees that if this Office determines that Donald Gridiron, Jr. has intentionally failed to disclose assets, that failure constitutes a material breach of this agreement. In addition, Donald Gridiron, Jr. consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Donald Gridiron, Jr. knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Donald Gridiron, Jr. further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Donald Gridiron, Jr. agrees to consent to the entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Donald Gridiron, Jr. understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Furthermore, Donald Gridiron, Jr. waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

This Office will recommend to the Attorney General that any forfeited money and the net proceeds derived from the sale of any property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 981(e), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Immigration Consequences

Defendant Donald Gridiron, Jr., understands that, if he is not a U.S. citizen, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Donald Gridiron, Jr., understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Donald Gridiron, Jr., wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the U.S. Donald Gridiron, Jr., understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Donald Gridiron, Jr., waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Donald Gridiron, Jr.. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Donald Gridiron, Jr..

No provision of this agreement shall preclude Donald Gridiron, Jr. from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Donald Gridiron, Jr. received constitutionally ineffective assistance of counsel.

Prior to the date of sentencing, Donald Gridiron, Jr. shall: (1) file true and accurate Individual Income Tax Returns (Forms 1040) for calendar years 2009 through 2012 or enter into a Form 870 Waiver of Restrictions on Assessments and Collections of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns for the aforementioned years; (2) provide all appropriate documentation to the Internal

Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties] owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Donald Gridiron, Jr. agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Donald Gridiron, Jr.. With respect to disclosure of the criminal file to the Internal Revenue Service, Donald Gridiron, Jr. waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e) and any other right of privacy with respect to Donald Gridiron, Jr.'s tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between Donald Gridiron, Jr. and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ANDREW KOGAN
Assistant U.S. Attorney

APPROVED:

GURBIR GREWAL
Chief, Economic Crimes Unit

I have received this letter from my attorney, Candace Hom, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Donald Gridiron, Jr.

Date: 4/2/15

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Candace Hom, Esq.

Date: 4-2-15

Plea Agreement With Donald Gridiron, Jr.

Schedule A

1. This Office and Donald Gridiron, Jr. agree to stipulate to the following facts:

a. The parties agree the defendant stole more than $2,500,000 from the Worship Center and Golf Association.

b. The parties agreed the defendant abused a position of trust to steal the money from the Worship Center and Golf Association.

c. The parties agree that for the tax years 2009 through 2012 there is a tax loss of more than $400,000.

2. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.